MAILED TO COUNSEL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/11

---------------------------------x
IN RE:                           :  OPINION AND DECISION
                                 :  OF THE INDEPENDENT
     Michael Prelli              :  REVIEW BOARD
                                 :
     APPL. #151                  :  88 CV 4486 (LAP)
---------------------------------x

## INTRODUCTION

On November 10, 2010, the IRB referred a recommendation with evidentiary exhibits to the IBT recommending to the IBT General President that Michael Prelli ("Prelli"), an IBT member, be charged with bringing reproach upon the IBT by being an associate of the Luchese La Cosa Nostra Family and knowingly associating while a member of the union with members of organized crime. (IRB Ex. 1)[1] On November 17, 2010, IBT General President President Hoffa filed the charge and referred the matter to the IRB for a hearing. (IRB Ex. 2) Prelli was sent the IRB's report and the exhibits. (IRB Exs. 3-4)

The scheduled hearing on the matter was held on February 10, 2011.[2] At this hearing, the Chief Investigator introduced the exhibits previously provided to Prelli to support the charge. These were Exhibits 1 to 31. In addition, FBI Special

---

[1] In this ruling, "IRB Ex." refers to exhibits the IRB introduced at the hearing on the charge against Prelli and "Ex." refers to the exhibits to the investigative report which were introduced at the hearing.

[2] Prelli was notified that the hearing before the IRB was originally scheduled for January 6, 2011. (IRB Ex. 5) Prelli was then notified that the hearing was adjourned to February 10, 2011. (IRB Ex. 7)

Agent Jennifer Laurie, who had provided an affidavit detailing the FBI's expert opinion regarding Prelli's organized crime ties, was present at the hearing by telephone and was available for cross-examination. Prelli did not appear at the hearing. On March 3, 2011, the IRB sent Prelli a copy of the transcript of the IRB hearing and provided an opportunity for him to respond. He did not respond.

**FACTS**

### A. Local 1901

Local 1901 was located in Long Island City, New York. The Local had approximately 1,500 members employed as drivers in the newspaper industry. (Ex. 2) Local 1901 members delivered newspapers for The New York Times, The New York Post, The Daily News, The Wall Street Journal, El Diario and other newspapers in the New York Metropolitan Area. (Ex. 2) Effective April 1, 2009, Local 1901 became a Teamster Local pursuant to an affiliation agreement executed on March 6, 2009. (Ex. 3) Prior to affiliating with the IBT, Local 1901 was an independent Union known as the Newspaper and Mail Deliverers' Union of New York and Vicinity ("NMDU"), which was established in 1901. (Ex. 2)

The NMDU had a history of ties to organized crime. In 1996, a state grand jury indicted the NMDU, itself, charging it with one count of Enterprise Corruption, the state law equivalent of

the federal RICO statute, predicated on 81 pattern acts in connection with newspaper distribution and racketeering activities. (Ex. 4) The pattern acts included grand larceny, falsifying business records, bribery, and coercion, allegedly committed by NMDU officers, members and agents, including alleged members of organized crime. (Ex. 4) Several NMDU members, including an alleged member of the Bonanno LCN family, two former NMDU presidents, and several foremen were indicted separately and pled guilty to various corruption charges. (Exs. 5, 6) There had been earlier federal and state prosecutions of an NMDU president, Douglas Lachance, for receiving bribes while he was NMDU President. (Exs. 7-9)

The March 6, 2009 affiliation agreement between the IBT and the NMDU allowed the NMDU to withdraw from the affiliation "any time during the two-year period following the effective date of this affiliation through the same procedure required for approval of the Affiliation Agreement." (Ex. 3) After the IRB conducted sworn examinations of some NMDU members and recommended that disciplinary charges be filed against three NMDU members, in April 2010, the NMDU withdrew from the IBT. (Ex. 10)[3]

---

[3] The Local 1901 members who were charged based upon an IRB recommendation were Joseph Torre, Vincent Disario and Anthony Turzio. (Exs. 12-14) Disario was charged with being a member of the Bonanno LCN Family. (Ex. 13) Torre and Turzio were each charged with failing to cooperate with

## B. Evidence that Michael Prelli Is an LCN Associate and Knowingly Associated with Members of Organized Crime

According to IBT records, Prelli has been a member of the NMDU since at least November 2006. (Ex. 11) As result of the NMDU's affiliation with the IBT, effective April 1, 2009, Prelli was a member of Local 1901 and a member of the IBT. (Exs. 2, 3, 11) Prelli's dues were paid through May 2009. (Ex. 11) He was not issued a withdrawal card. (Ex. 11) In April 2010, Local 1901 withdrew from the IBT. (Ex. 10)

Declarations the FBI has previously provided to the IRB detailed the evidence establishing the existence of the Luchese organized crime family through informants, electronic surveillance and other investigative methods. (Exs. 15 and 16) The Luchese LCN family is one of the five LCN families in New York. (Ex. 1 at 2; Ex. 16) Historically, the Luchese family has been active in labor racketeering. (Ex. 16 at 6)

The Luchese LCN family has had a history of involvement in New York City Teamster Locals. Under the Consent Decree, at least three Local principal officers and one IBT member have been removed for association with or membership in the Luchese LCN family. Local 295 principal officer Anthony Calagna and Local 295 steward Patrick Dellorusso were both found to be members of the Luchese LCN family. (Exs. 17-18) Two other

---

the IRB by refusing to answer questions regarding organized crime. (Exs. 12, 14) All three were permanently barred from the IBT. (Exs. 12-14)

Local principal officers, Bernard Adelstein (Locals 813 and 1014) and John Ferrara (Local 522), were removed for knowingly associating with Luchese LCN members as well as other organized crime members. (Exs. 19-22)

In a Declaration provided to the IRB in September 2010, the FBI stated its expert opinion that Prelli is currently an associate of the Luchese LCN family. (Ex. 1 at 6) The FBI's definition of an organized crime associate is an individual who, though not formally inducted into the LCN Family, assists LCN members in a variety of ways to facilitate their criminal activities. (Ex. 1 at 3-4)

In January 2009, Prelli was arrested along with five others, including Anthony Croce ("Croce"), whom the FBI considers to be an acting Captain in the Luchese LCN Family. (Ex. 1 at 6; Ex. 25) Prelli, Croce and the others were charged with conspiracy to operate an illegal gambling business from August 2008 through November 2008. (Ex. 1 at 6; Ex. 25) Prelli serviced the bets of gambling customers and paid a percentage of his gambling winnings to acting Luchese LCN Family Captain Croce. (Ex. 1 at 6) In June 2009, Prelli pled guilty to conspiracy to engage in illegal gambling and was sentenced to three months in prison and a $10,000 fine. (Ex. 1 at 6; Exs. 25-26) He was released in November 2009. (Ex. 27)

In October 2009, the Manhattan District Attorney's office charged Prelli and 28 others, including LCN member Croce, with enterprise corruption and promoting gambling. (Ex. 28) Four of Prelli's codefendants in this case were alleged to be members of organized crime. (Ex. 28)[4] Fourteen defendants, including Prelli, were alleged to be associates of the Luchese LCN Family. (Exs. 28-29) According to the indictment, the enterprise corruption was ongoing from approximately September 2007 to October 2009. (Ex. 28) This case is pending.

Further corroborating the FBI's expert opinion that Prelli was a Luchese LCN associate, Prelli was observed on at least three occasions meeting with Luchese LCN members. (Ex. 1 at 6) On July 21, 2008, Prelli was observed meeting with Joseph Tortorello, whom the FBI considers to be a Luchese LCN Family soldier, in the vicinity of 299 Pearl Street, New York, New York. (Ex. 1 at 6) In addition, Prelli was observed meeting with Croce on September 17, 2008 also in the vicinity of 299 Pearl Street. (Ex. 1 at 6) Furthermore, on September 29, 2008, Prelli was observed at a social club located at 3205 Westchester Ave, Bronx, New York, which is used by Luchese members and associates. (Ex. 1 at 6) Prelli was seen at the club with Croce and other members and associates of the Luchese LCN family.

---

[4] The individuals alleged to be Luchese organized crime members were: Anthony Croce, Joseph DiNapoli, Michael Guerriero and Matthew Madonna. (Exs. 28-29)

-6-

(Ex. 1 at 6-7) The FBI considers Croce to be an acting captain in the Luchese LCN Family. (Ex. 1 at 6) News articles have publicly identified Croce as an LCN member. (Exs. 24, 31)

**DISCUSSION**

**I. The Preponderence of the Evidence Established that Michael Prelli Is an LCN Associate and Knowingly Associated with Members of Organized Crime in Violation of the Consent Order and the IBT Constitution**

The standard of proof for establishing the charge against Prelli is a preponderance of evidence. <u>Rules and Procedures for Operation of the Independent Review Board</u>, Para., J (6) ("In order to be sustained, the proposed…charges…contained in the Investigative Report, must be supported by a preponderance of reliable evidence."); <u>United States IBT [Simpson]</u>, 931 F. Sup 1074, 1089 (S.D.N.Y. 1996), <u>aff'd</u>, 120 F.3d 341 (2d Cir. 1997).

By being an associate of the Luchese LCN organized crime family and knowingly associating with organized crime members, Prelli brought reproach upon the IBT in violation of the IBT Constitution and Paragraph E (10) of the March 14, 1989 Consent Decree in <u>United States v IBT</u>, 88 Civ. 4486 (S.D.N.Y.). Pursuant to Article XIX, Section 7(b)(2) of the IBT Constitution, charges may be preferred against a member for violation of the "oath of loyalty to the Local Union and the International Union." It is well settled that LCN association violates the IBT membership oath and Article II, Section 2(a) of

-7-

the IBT Constitution, which provides that members must conduct themselves "in such a manner as not to bring reproach upon the Union." See, e.g., Investigations Officer v. Senese, et al., Independent Administrator Decision at 3-5, 11-12, 26 (July 12, 1990), aff'd 745 F. Supp. 908, 917-918 (S.D.N.Y. 1990) aff'd, United States v. IBT, 941 F.2d 1292 (2d Cir. 1991), cert. denied, 502 U.S. 1091 (1992). Article XIX, Section 7(b)(9) of the IBT Constitution provides for charges against members for "[k]nowingly associating (as that term has been defined in prior decisions on disciplinary charges under this Article) with any member or associate of any organized crime family or any other criminal group."

The FBI opined Prelli was currently an associate of the Luchese LCN Family. (Ex. 1 at 6) The FBI's expert opinion was corroborated by Prelli's 2009 criminal conviction for conspiracy to engage in illegal gambling involving the Luchese LCN family and surveillance. (Ex. 26) Moreover, Prelli's knowing association with members of the Luchese LCN family, including his two-time co-defendant acting Luchese LCN captain Croce, provided additional corroboration of Prelli's position as an associate of the Luchese LCN Family. (Ex. 1 at 6)[5] According to the FBI's definition of an organized crime associate, such

---

[5] The second indictment, which charged Prelli, LCN acting captain Croce and twenty-seven others with enterprise corruption during the period from approximately September 2007 to October 2009, is pending. (Ex. 28)

person must have contact with LCN family members to further the interests of the organized crime family. (Ex. 1 at 3-4)

There is no evidence that Prelli withdrew from his association with the Luchese organized crime family. In connection with a criminal conspiracy, withdrawal is demonstrated only by affirmative acts inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach co-conspirators. E.g., United States v. Borelli, 336 F.2d 376, 388 (2d Cir. 1964) cert. denied, 379 U.S. 960 (1965); United States v. Minicone, 960 F.2d 1099, 1108 (2d Cir. 1992). Mere cessation of activity is insufficient. See, United States v. Eisen, 974 F.2d 246, 268 (2d Cir. 1992). In the Vincent Federico matter, in July 2010, the IRB found that IBT Local 82 member Vincent Federico, who had been inducted into the Patriarca LCN family in 1989, failed to take "any affirmative act to disassociate himself from the Patriarca LCN family. . . " In re: Vincent Federico, IRB Decision at 2-3, 8 (July 22, 2010) aff'd, United States v. IBT, slip op. (S.D.N.Y. August 5, 2010). (Ex. 23) Accordingly, the IRB found that Federico continued as an LCN member in violation the IBT Constitution. Id. at 9. The burden is on the individual claiming withdrawal to demonstrate that he affirmatively withdrew from the conspiracy. Borelli, 336 F.2d at 388. There is no evidence Prelli ever withdrew from the conspiracy.

**CONCLUSION**

The preponderance of the evidence established that Michael Prelli was an associate of the Luchese LCN family while an IBT member and knowingly associated with members of organized crime and brought reproach upon the IBT and thus violated the IBT Constitution.

Accordingly, Prelli is hereafter permanently barred from holding membership in or any position with the IBT or any IBT-affiliated entity. Prelli is permanently barred from seeking or accepting from the IBT or any IBT-affiliated entity any salary, severance payment, allowance, fee, payment for unused vacation, or compensation of any kind except fully vested pension compensation and fully vested welfare benefits; and permanently barred from the date of expulsion from having any contributions made on his behalf by any IBT entity to any pension, health and welfare, severance, or other benefit fund.

Dated: May 12, 2011

Respectfully submitted,

Members of the
Independent Review Board

*[signature]*
Benjamin R. Civiletti

*[signature]*
Joseph E. diGenova

*[signature]*
William H. Webster

**SO ORDERED**
*[signature]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
May 18, 2011

- 11 -