UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

UNITED STATES OF AMERICA,                    :

       Plaintiff,                           :

          -Against-                  :          88 Civ. 4486 (LAP)

INTERNATIONAL BROTHERHOOD           :
OF TEAMSTERS, CHAUFFEURS,               :
WAREHOUSEMEN AND HELPERS             :
OF AMERICA AFL-CIO, et al.,                  :

       Defendants.                          :

———————————————————————— x

## DECLARATION IN SUPPORT OF THE CHIEF INVESTIGATOR'S APPLICATION FOR THE ISSUANCE OF SUBPOENAS DIRECTING CELLCO PARTNERSHIP DBA VERIZON WIRELESS-PA, NEW CINGULAR WIRELESS PCS LLC-DC AND THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY TO PRODUCE SPECIFIED RECORDS

1.    I am Special Counsel to Charles M. Carberry, the Chief Investigator for the

Independent Review Board ("IRB"). I submit this declaration in support of the Chief

Investigator's Application pursuant to the March 14, 1989 Consent Order in United

States v. International Brotherhood of Teamsters, 88 Civ. 4486 ("Consent Order"), the

court-approved Rules and Procedures for Operation of the Independent Review Board,

("IRB Rules"), 18 U.S.C. § 1965(c) and the All Writs Act, 28 U.S.C. § 1651, for

subpoenas directing Cellco Partnership dba Verizon Wireless-PA ("Cellco"), the carrier

for former Local 107 chief steward Michael Conway's ("Conway") cellular telephone;

New Cingular Wireless PCS LLC-DC ("New Cingular"), the carrier for former Local 107

member Peter Innaurato's  ("Innaurato") cellular telephone; and the Teamsters Pension

Trust Fund of Philadelphia and Vicinity ("Pension Fund"), to produce to the Chief

1

Investigator no later than December 12, 2014, or within ten days after service of the subpoena whichever comes later, the documents detailed in the attached Application.

2.    The Consent Order and the IRB Rules empower the IRB to investigate any allegations of corruption in the IBT including, but not limited to, bribery, embezzlement, extortion, loan-sharking, violations of the Landrum Griffin Act, the Taft Hartley Act, acts of racketeering and allegations of organized crime association (Exs. 1 and 2)

3.    Pursuant to the IRB Rules, when just cause exists, the IRB may seek this Court's permission to obtain through subpoena information from outside the union, its members and officers. For example, the IRB Rules empower the IRB, upon application for cause to this Court, to take the sworn statements or sworn in-person examinations of persons not covered in the IRB Rules. See, IRB Rules, Para. H(3)(d). (Ex. 2)

4.    Pursuant to the Consent Order and the IRB Rules, the IRB Chief Investigator has initiated an investigation into Teamsters Local 107 concerning, among other things, former chief steward Michael Conway's continued involvement in union affairs after his suspension based upon IRB-recommended charges, the creation of referral lists for work in the convention and trade show industries and William Hamilton's contact with Peter Innaurato who was permanently barred from the IBT on April 9, 2009.

5.    In August 1996, the IRB recommended that Local 107 be placed in Trusteeship based upon financial wrongdoing.   Based upon the IRB recommendation, the IBT placed the Local in Trusteeship.   On October 31, 2000, the IBT released the Local from Trusteeship.

6.    William Hamilton became the Local's the President and principal officer in 2000. (Ex. 3)

7.      On December 21, 2000, the IRB issued a report to the IBT and Local 107 principal officer Hamilton regarding deficiencies in Local 107's work referral procedures, including favoritism, which were not addressed during the Trusteeship. The IRB's report concluded, "The recent Trustee's performance as well as the previous Trustee's performance was not designed to eradicate problems in the Local's work dispatch practices, particularly concerning work referrals for the Pennsylvania Convention Center . . . and the movie industry." (Ex. 4)

8.      After the IRB's report, the Local created work referral rules for the movie and convention and trade show industries.

9.      Michael Conway was a Local 107 member and the chief steward for the convention and trade show industries until December 9, 2009. (Ex. 5)

10.     On June 22, 2009, the IBT filed IRB-recommended charges against Conway for knowingly associating with a permanently barred individual.

11.     On December 9, 2009, the IBT issued a decision finding the charge against Conway proven. (Ex. 5)  Conway was suspended from all IBT positions, including membership, for ten years. (Ex. 5)   The IRB found the findings not inadequate. (Ex. 5)

12.     On February 25, 2010, the IRB issued a second report recommending that Local 107 be placed in Trusteeship because, among other things, the Local repeatedly failed to comply with its own work referral rules despite representations that it would do so. The IRB's report also found that there was a pervasive pattern of awarding work to individuals with connections to Local insiders. In the report, Conway was identified as a

3

Local insider whose family members received work referrals in contravention of the referral rules. (Ex. 6 at 6-7)

13.     On March 4, 2010, the IBT placed Local 107 in partial trusteeship.  The trusteeship covered the movie, convention and trade show related industries.

14.     In approximately July 2010, the jurisdiction for the movie work in Philadelphia was transferred from Local 107 to IBT Local 817 in New York.   Local 107 retained jurisdiction over the convention, trade show and miscellaneous theater and music industry work in Philadelphia.

15.     On or about December 1, 2010, the IBT issued "Teamsters Local 107 – Convention, Tradeshow, and Miscellaneous Theatre/Music Industry Referral Rules". (Ex. 7) Pursuant to these rules, the IBT created a Referral Seniority List pursuant to which individuals were referred to work in these industries.   Pursuant to these rules, the Referral Seniority List was based upon the "documented number of days of experience worked (performing work of a nature comparable to bargaining unit work) in the trade show/convention/theatre industry with any employer in the Local's jurisdictional area (union or non-union) over the previous five complete calendar years." (Ex. 7 at 2)  Under the rules, the Referral Seniority List was to be updated each March.  (Ex. 7 at 2)

16.     In order to determine the "documented number of days of experience worked" records from the Pension Fund were used.

17.     In 2012, the first Referral Seniority List was created which was based upon days worked between 2007 and 2011. (Ex. 8)

18.     The Local's trade show and convention division was released from the partial trusteeship in approximately May 2012.

4

19.    The Local's Referral Seniority List was updated in 2013 and 2014 based upon Pension Fund records for 2009 through 2012 and 2009 and 2013 respectively. (Exs. 9 and 10)

20.    Based upon an IRB request, the Local provided the Pension Fund records it relied upon to create the updated Referral Seniority Lists in 2013 and 2014.

21.    The documents the Local produced from the Pension Fund did not include all individuals on the Referral Seniority Lists.  For example, no records were provided for Owen Gallagher who was number 111 on the list created in 2013 and number 33 on the list created in 2014. (Exs. 9 and 10)   Owen Gallagher is a cousin of Pennsylvania Convention Center steward Michael Bell. (Ex. 11 at 12)

22.    In addition, in the Pension Fund records the Local provided, only the total number of days worked in a month was included.  The records did not reflect the specific days worked.

23.    Furthermore, the documents the Local provided from the Pension Fund were not consistent with the Local's daily referral records.  For example, the Local 107 referral records reflected that Jennifer Coe, the daughter of former convention center steward Conway, was referred to work on three days in March 2012.  In contrast, the Pension Fund records for that month reflected that Jennifer Coe worked 20.94 days, all for Freeman Decorating.  (Ex.12)

24.    During his suspension from the IBT, Conway worked as a foreman for various companies including Freeman Decorating. (Ex. 13 at 42-46)

25.    The Local's collective bargaining agreement with Freeman signed in March 2013 stated that, "The Union shall be the exclusive supplier of labor." (Ex. 14 at 1)

26.     The Local's referral rules provided that "[e]mployers may contact individuals on the seniority list directly only in cases where the Business Agent or designee is not available and the urgency of the call will not permit delay.  Such emergency calls shall not last more than one day." (Ex. 7 at 3)

27.     According to one of the trade show stewards, Freeman sometimes contacted Conway's daughter Jennifer Coe to work directly without going through the Local's referral process. (Ex. 13 at 57)   The Local did not appear to take any action to stop this.

28.     On the Referral Seniority List created in 2012, Jennifer Coe was number 128 with no hours worked in the relevant industries in the past five years and an application date of November 2, 2011. (Ex. 8)

29.     On the Referral Seniority List the Local created in 2013, Jennifer Coe was number 30 and was listed as working 151 days in 2012. (Ex. 9)   On the Referral Seniority List the Local created in 2014, Jennifer Coe was number 28 on a 108 person primary call list. (Ex. 10)

30.     After Conway's suspension from the IBT, he continued to use the office that Teamsters, including the Local 107 convention and trade show stewards, used at the Convention Center.  (Ex. 13 at 84-86; Ex. 11 at 16)  Conway shared a desk with the Local 107 stewards. (Ex. 13 at 84-86; Ex. 11 at 16)   After his suspension, reportedly on behalf of employers, Conway told Local 107 convention and trade show stewards who to call for work. (Ex. 11 at 6-9; Ex. 13 at 43-44)  After his suspension, Conway sometimes completed the Local 107 work referral records and faxed them to the Local. (Ex. 11 at 13-15)

31.    According to Local records, Michael Conway's cellular telephone number is (215) 990-1738. (Ex. 15)  The carrier for this number is Cellco.

32.    On December 29, 2008, the IRB recommended that then Local 107 member Peter Innaurato be charged with knowingly associating with the underboss of the Philadelphia Organized Crime family. (Ex. 16)

33.    The IBT filed the IRB-recommended charges.  On April 9, 2009, Innaurato entered into an agreement pursuant to which he permanently resigned from all IBT positions including IBT membership. (Ex. 17)

34.    Innaurato's cellular telephone number was (267) 574-1185. (Ex. 18)  The carrier for this number is New Cingular.

35.    According to an excerpt from Innaurato's cellular telephone records, there was an incoming six minute telephone call on January 15, 2011 from telephone number (215) 880-1330.  Hamilton's cellular telephone number is (215) 880-1330. (Ex. 19)

36.    The foregoing demonstrates that just cause exists for the issuance of subpoenas directing Cellco, New Cingular and the Pension Fund to produce the specified records which would assist the Chief Investigator in the ongoing investigation of Local 107. Accordingly, just cause exists for the issuance of the subpoenas directing the production of the specified records.

37.     I declare under penalty of perjury the foregoing is, to the best of my knowledge,

true and correct.

Dated: New York, New York
          November 21, 2014

Respectfully submitted,

Charles M. Carberry
Chief Investigator

By:

Celia A. Zahner (CZ-6578)
Special Counsel
Chief Investigator's Office
17 Battery Place, Suite 331
New York, NY 10004
(212) 635-0202
info@irbcio.org

TO:     AUSA Jaimie Nawaday
          Bradley T. Raymond, Esq.
          Cellco Partnership dba Verizon Wireless-PA
          New Cingular Wireless PCS LLC-DC
          Teamsters Pension Trust Fund of Philadelphia
                    and Vicinity

8

## CERTIFICATE OF SERVICE

I, Celia A. Zahner, hereby certify that on November 21, 2014, I caused a copy of the foregoing CHIEF INVESTIGATOR'S APPLICATION FOR THE ISSUANCE OF SUBPOENAS DIRECTING CELLCO PARTNERSHIP DBA VERIZON WIRELESS-PA, NEW CINGULAR WIRELESS PCS LLC-DC AND THE TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA AND VICINITY TO PRODUCE SPECIFIED RECORDS and the DECLARATION IN SUPPORT OF THE CHIEF INVESTIGATOR'S APPLICATION to be filed electronically and served upon the below by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by cooperation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Jaimie Nawaday, Esq.
United States Attorney's Office
Southern District of New York
86 Chambers Street
3rd Floor
New York, NY   10007

Bradley T. Raymond, Esq.
General Counsel
International Brotherhood of Teamsters
25 Louisiana Avenue, NW
Washington, DC   20001


Cellco Partnership dba Verizon Wireless-PA
Custodian of Records
180 Washington Valley Road
Bedminster, NJ   07921

New Cingular Wireless PCS LLC-DC
c/o AT&T National Compliance Center
11760 US Highway One
Suite 600
North Palm Beach, FL   33408

Teamsters Pension Trust Fund of Philadelphia and Vicinity
William J. Einhorn, Fund Administrator
6981 North Park Drive
Suite 400
Pennsauken, NJ 08109




Celia A. Zahner, Esq.
(CZ-6578)
Special Counsel to Charles M.
        Carberry
Chief Investigator's Office
17 Battery Place, Suite 331
New York, NY 10004
(212) 635-0202
info@irbcio.org